FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 0 2 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>– against –<br><br>JESUS JOJOA CORTES,<br><br>Defendant. | 13-CR-583<br><br>Statement of Reasons Pursuant to<br>18 U.S.C. § 3553(c)(2) |

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On January 28, 2014, Jesus JoJoa Cortes pled guilty to Count One of a two-count Indictment, charging him with the importation of heroin into the United States. *See* 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(3). Count 2 was dismissed.

Defendant arrived in New York on a commercial flight from Panama City, Panama on September 15, 2013. Defendant was selected for a Customs and Border Protection ("CBP") examination. He stated that he was traveling to the United States to show vendors shoe samples. Inside his bag were 17 pairs of women's shoes. The CBP officer noted that the shoes felt unusual along the sides. One was probed and revealed a tan, powdery substance, which tested positive for heroin. The shoes contained a total of 605 grams of 76% pure heroin.

Cortes was sentenced on June 9, 2014. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be thirteen and defendant's criminal history category is category I. The Guidelines range of imprisonment is between twelve and eighteen months. *See* Gov't Sentencing Mem., April 18, 2014, ECF No. 16; U.S. Sentencing Comm., *Guidelines Manual*, § 5E1.2(c)(3),(4) (Nov. 2012). Calculation of the total offense level included a two-point "safety valve" reduction, a three-point adjustment for defendant's acceptance of responsibility, and a four-point reduction for his minimal role. *See* U.S. Sentencing Comm., *Guidelines Manual*, § 5K3.1 (Nov. 2012). Defendant's offense level was reduced an additional four levels pursuant to the Government's recommendation for application of the early disposition program for couriers and an additional two levels under the Department of Justice policy that credits defendants charged with drug crimes two points if they agree to

2

forgo a motion under 18 U.S.C. § 3582(c) when the new Sentencing Guidelines drug table becomes effective in November. *See* Gov't Sentencing Mem., April 18, 2014, ECF No. 16.

The maximum term of imprisonment is twenty years, with a maximum fine of $1,000,000.00. *See* 21 U.S.C. § 952(a), 960(b)(3). The defendant is ineligible for probation. *See* 21 U.S.C. § 960(b)(3), U.S. Sentencing Comm., *Guidelines Manual*, § 5E1.2(c)(4).

Cortes was sentenced to incarceration for one year and one day with three years of supervised release. A mandatory special assessment of $100 was imposed. There was no fine because defendant does not have any assets, and it is unlikely that he will have any in the near future to pay a fine.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. *See* 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Cortes imported heroin into the United States. This is a serious but aberrant offense. His role was limited to that of a courier and he has no prior convictions.

Cortes grew up in poverty in Pasto, Colombia with his parents and four siblings. Due to the family's financial struggles, he was sent to live in Cali, Colombia with his aunt and uncle when he was approximately 10 years old. Defendant attended school and worked in a small store owned and operated by his aunt and uncle. At age 14, he dropped out of school to work full-time. He saw his parents only once a year.

Cortes married his wife in the late 1990s. He and his wife maintain a strong relationship. Their marriage produced no children, but defendant raised his two stepchildren, who currently live with his wife in Cali. Prior to his arrest, defendant had been living with his elderly parents to better care for them.

By trade, Cortes is a shoe-maker. He operated a shoe store for approximately 15 years, until 2005. Without his livelihood, defendant had difficulty paying his debts and providing for his family. He was promised $5,000 for the trip that led to this arrest. All of the money he earned during his previous two trips was wired back to his family.

After his release from prison, defendant will be taken into custody by the United States Immigration and Customs Enforcement agency. He will then be promptly deported to Cali, where he can reunite with his family. There he can continue to care for his parents and raise his stepchildren.

Under Section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence. General deterrence is satisfied by the felony conviction and its collateral consequences, including his deportation from the United States. Specific deterrence has been substantially achieved. Defendant has expressed genuine remorse. It is unlikely that he will engage in further criminal activity.

SO ORDERED.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: June 11, 2014
      Brooklyn, New York